### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MARLON ANDRE WILSON, | :: | HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| RALPH CHERRY; et al., | :: | CIVIL ACTION NO. |
|    Respondents. | :: | 1:13-CV-0800-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be

limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 24th day of April, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLON ANDRE WILSON, | :: | HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| RALPH CHERRY; et al., | :: | CIVIL ACTION NO. |
|    Respondents. | :: | 1:13-CV-0800-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

On March 12, 2013, petitioner, who was then confined in the Robert A. Deyton Detention Center in Lovejoy, Georgia, filed this pro se 28 U.S.C. § 2241 petition, [Doc. 1], and sought leave to proceed in forma pauperis ("IFP"), [Doc. 2]. Petitioner's financial affidavit, however, did not include (1) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account, or (2) a copy of his inmate trust account balance for the six-month period preceding the filing of the instant action. [See id.]. Accordingly, on March 18, 2013, the Court ordered petitioner to either pay the $5.00 filing fee or submit an amended IFP application within thirty days. [Doc. 3]. The Court advised petitioner that failure to pay the fee or submit the required financial affidavit and copy of his prison account statement may result in dismissal of the petition. [Id. at 2]. The copy of the order that was sent to petitioner was returned to this Court with a notation that he had been

released. [Doc. 4]. More than thirty days have passed since entry of the Order, and petitioner has not complied.

"The failure . . . of a party appearing pro se to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." LR 41.2C, NDGa. Petitioner has not informed the Court of a change in his mailing address.

Additionally, Federal Rule of Civil Procedure 41(b) allows a district court to sua sponte dismiss a habeas corpus action without prejudice if the petitioner fails to prosecute the action or to comply with any court order. Allen v. Albright, No. 09-00351-CG-B, 2009 WL 3062006, at *1 (S.D. Ala. Sept. 18, 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

The Court's Local Rules also provide that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."

LR 41.3A(2), NDGa.  Because petitioner has failed to comply with the Court's order to either pay the filing fee or amend his IFP application, his case should be dismissed. See Wyche v. Frazier, No. 1:07-CV-1962-TWT, 2008 WL 544925, at *1 (N.D. Ga. Feb. 26, 2008), adopted at *1 (dismissing pro se habeas petition without prejudice where petitioner failed to comply with court order to pay the $5.00 filing fee, despite forewarning that failure to do so could result in dismissal).  For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C for petitioner's failure to keep the Court informed of his current address and for petitioner's failure to prosecute and failure to obey the Court's order of March 18, 2013.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 24th day of April, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)